a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLAY LANDIS RIGGS #330713,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-06072<br>SEC P |
| VERSUS | JUDGE DRELL |
| TONY EDWARDS,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Clay Landis Riggs ("Riggs"). Riggs is a pretrial detainee incarcerated at the Catahoula Correctional Center ("CCC"). He claims that he has been denied medical care at CCC.

Because Riggs provides no factual allegations to support his medical care claim, Riggs must AMEND the Complaint.

I.    Background

Riggs alleges that he injured by an officer's use of force during his arrest. Riggs previously filed suit seeking damages for excessive force and a delay in obtaining medical care at the Winn Parish Detention Center.  *See* 1:22-CV-471.

In the instant Complaint, Riggs asserts that he was transferred to CCC on April 22, 2022, following an MRI. He claims that CCC employees have the MRI film and have not scheduled Riggs for a follow up appointment with LSU Medical Center. ECF No. 6-1 at 4.

1

Riggs claims to be a "free man" and "sovereign" "held under duress." *Id.* at 6-7. He files pages of documents detailing his alleged status as a "secured party" revoking all contracts with the State of Louisiana. *Id.* at 2-28.

## II. Law and Analysis

To state viable claim for the violation of the Eighth Amendment's proscription against cruel and unusual punishment, a prisoner must allege that defendants acted with "deliberate indifference" to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Riggs alleges that he has been denied follow-up care for his neck injury. However, he does not allege how each named Defendant acted with deliberate indifference. Therefore, Riggs must amend his Complaint to state:

(1) the name of each person at CCC that allegedly denied him medical care;

(2) every date on which he requested medical care at CCC and to whom each request was made;

(3) what response he received to each request for medical care by each individual;

(4)   what medical treatment or medications he has been provided at CCC.

## III.   Conclusion

Because Riggs must provide additional information to support his claim, IT IS ORDERED that Riggs file an AMENDED COMPLAINT within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Monday, February 27, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE