a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLAY LANDIS RIGGS #330713,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-06072<br>SEC P |
| VERSUS | JUDGE DRELL |
| TONY EDWARDS,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Clay Landis Riggs ("Riggs"). Riggs is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He claims that he was denied adequate medical care when he was incarcerated at the Catahoula Correctional Center ("CCC").

Because Riggs fails to present a viable constitutional claim, the Complaint should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Riggs asserts that he suffered an injury to his spine in January 2022. X-rays were taken in February 2022 while Riggs was incarcerated at WPDC. ECF No. 12 at 2. The physician then ordered an MRI, which took place on March 20, 2022. *Id.*

Riggs was transferred to CCC on April 22, 2022. He was taking gabapentin, Flexeril, and ibuprofen at the time of his transfer. ECF No. 12 at 2. However, Riggs's prescription medications were discontinued at CCC. *Id.* On an unspecified

1

date, a nurse informed Riggs that they do not administer gabapentin at CCC. *Id.* She also advised there was a three month wait to see the physician. *Id.*

Riggs alleges that he submitted sick call requests attempting to get the prescriptions reinstated, but his requests were all ignored. *Id.* However, Riggs was transported to LSU Medical Center in Shreveport in July 2022. The physician requested to view the MRI film from the March, but CCC had not yet received it. The physician recommended physical therapy and rescheduled a follow-up appointment. ECF No. 12 at 3.

Riggs was transported back to LSU Medical Center in February 2023 with the MRI films, which revealed "damages to the spine." However, the LSU doctor determined that the film was too old, so a new MRI was ordered. ECF No. 12 at 4.

Riggs also claims to be a "free man" and "sovereign" "held under duress." *Id.* at 6-7. He files pages of documents detailing his alleged status as a "secured party" revoking all contracts with the State of Louisiana. *Id.* at 2-28.

II. Law and Analysis

    A. Riggs's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Riggs is a prisoner who has been granted leave to proceed in forma pauperis. ECF No. 8. As a prisoner seeking redress from an officer or employee of a governmental entity, Riggs's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Riggs's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

provide for sua sponte dismissal of a Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B.  <u>Riggs cannot show deliberate indifference to serious medical needs.</u>

To state viable claim for the violation of the Eighth Amendment's proscription against cruel and unusual punishment, a prisoner must allege that defendants acted with "deliberate indifference" to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Unsuccessful medical treatment and acts of

3

negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d at 235; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Although Riggs claims that Defendants ignored his requests for medical care, he was transported to LSU Medical Center multiple times for examination and treatment. His allegations demonstrate that his requests were not ignored, and he was not refused medical care. Riggs's disagreement with the changes in medication and the course of treatment provided at CCC does not establish a constitutional violation. *See Stewart*, 174 F.3d at 537 (citation omitted).

Riggs claims that he is a "free man" and "sovereign citizen." Sovereign citizen legal arguments are indisputably meritless and routinely dismissed as frivolous. [1]

---

[1] The United States District Court for the Northern District of Texas has summarized:
> So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. *E.g., Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016). Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt*, 100 Fed. Cl. at 282. However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse. *Mason*, No. CV H-15-2952, 2016 WL 4398680, at *2. Courts routinely dismiss sovereign citizen claims. *Id.*; *see also, e.g., Berman v. Stephens*, No. 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. 2015) (collecting cases) ("His reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court.").

*Westfall v. Davis*, 7:18-CV-00023, 2018 WL 2422058, at *2 (N.D. Tex. 2018), *report and recommendation adopted*, 2018 WL 2414794 (N.D. Tex. 2018).

4

### III. Conclusion

Because Riggs fails to state a viable constitutional claim, IT IS RECOMMENDED that the Complaint (ECF No. 6) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, April 7, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE